BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| IN RE PERRY JOHNSON & ASSOCIATES DATA BREACH LITIGATION | MDL DOCKET NO. |
|---|---|

MOVANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR TRANSFER AND CENTRALIZATION OF
RELATED ACTIONS TO THE DISTRICT OF NEVADA PURSUANT TO
<u>28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>

Movants, by and through their undersigned counsel, respectfully submits this Memorandum in Support of Transfer and Centralization to the District of Nevada Pursuant to 28 U.S.C. §1407. The undersigned Plaintiffs respectfully move that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the District of Nevada, where U.S. District Judge Cristina D Silva has the first-filed action in the District of Nevada plus four additional matters, and Judge Boulware has the largest number of cases, eight.

As detailed below, compelling logistical reasons justify transfer to the District of Nevada. With the majority of the cases filed in the District of Nevada, and the remainder of the federal cases filed in the Eastern District of New York, the District of Nevada is a centrally located forum district.[1] Further, Perry Johnson & Associates, Inc. is incorporated in Nevada and has its principal place of business in Nevada. Lastly, it is a major air hub and international business destination, so travel to and from the District of Nevada, when needed, is easily accomplished.

I.   **INTRODUCTION AND BACKGROUND**

There are currently twenty-six (26) actions pending in two federal judicial district courts (hereinafter, the "Related Actions") throughout the nation against Defendant Perry Johnson & Associates, Inc. ("PJ&A," along with the other named defendants, "Defendants"). Each of the Related Actions assert similar claims arising from a common nucleus of operative facts that Defendants failed to prevent a cyberattack that resulted in the theft and dissemination of approximately 8.9 million individuals' sensitive information.

---

[1] Two cases, which will not be transferred, were filed in state court in Cook County, Illinois.

## II.     ARGUMENT

### A. Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407 Because There Are Common Questions of Fact.

Under 28 U.S.C. § 1407(a), the Judicial Panel of Multidistrict Litigation ("JPML") should transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact" and (2) the transfer is convenient for the Case parties and witnesses, and "promote[s] the just and efficient conduct of the cases." 28 U.S.C. § 1407(a). The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *See In re Folgers Coffee Mktg. & Sales Practices Litig.,* MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products). The JPML should transfer and consolidate the instant cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. See 28 U.S.C. §1407.

This JPML has transferred and centralized a host of cases involving data security breaches similar to these cases. *See In re T-Mobile 2022 Customer Data Security Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (consolidating eleven actions across eight districts involving a data security breach of TMobile); *In re KeyBank Customer Data Security Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Security Breach Litig.*, 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts involving a data security

3

breach of Samsung); *In re MOVEit Customer Data Sec. Breach Litig.*, No. MDL 3083, 2023 WL 6456749 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2023) (consolidating 101 actions across 22 districts involving a data security breach arising from MOVEit's software vulnerability).

Here, each of the actions arise from Defendants' security practices as they involve PJ&A's medical transcription services. Each complaint alleges that Defendants' practices either violate common law or state data privacy laws. There are common questions of fact, including:

   a. whether Defendants violated state common laws by failing to properly secure the sensitive personal information ("SPI") of the various Plaintiffs and the putative Classes;

   b. whether Defendants breached its contracts with various entities who entrusted Defendants with Plaintiffs' and members of the putative Classes as third-party beneficiaries of those contracts by failing to secure the SPI of Plaintiffs and the putative Classes;

   c. whether the proposed putative Classes should be certified under the Federal Rules of Civil Procedure;

   d. whether Defendant's conduct caused injury to Plaintiffs and members of the putative Classes; and

   e. the measure and amount of damages sustained by Plaintiffs and other members of the putative Classes.

In addition to these common questions, the Related Actions also share substantially similar causes of action. The discovery and motions concerning these common questions of fact will be substantially the same in all Related Actions. Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through a multidistrict litigation.

### B. The District of Nevada Is the Most Appropriate Transferee Forum under a Balancing of the Factors.

The District of Nevada is the most appropriate venue here. The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being

considered for consolidation. The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors, including the number of the underlying cases pending before the district, the experience of the judiciary with the issues, the location of documents and witnesses, the centrality of the location, and common parties. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977); *and see, e.g.*, *In re Regents of University of California*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); *and* Annotated Manual of Complex Litigation (Fourth) (2010). Transfer is appropriate when it enhances the convenience of the litigation as a whole. *See, e.g., In re Asbestos Prod. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 420 (J.P.M.L. 1991) (citing *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 297 F.Supp. 385, 386 (J.P.M.L.1968) ("The Panel, however, must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.")).

Here, the District of Nevada is the most appropriate venue because: (1) PJ&A is a corporation incorporated under the laws of Nevada; (2) it is a convenient forum located central between all cases filed to date, and because of the ease of direct travel for the parties' counsel; and (3) it has the resources and the subject matter experience that this litigation will require.

1. **The Presence of Defendant PJ&A in Nevada Should Be the Key Factor for Transfer.**

In proposed MDLs centered on data security breaches, the JPML has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses. For example, in *Samsung*, the JPML held that "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found." *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 at *2. *See also*, *In re Blackbaud,*

5

*Inc., Customer Data Security Breach Litigation*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district."). PJ&A is a corporation incorporated under the laws of Nevada and has its principal place of business in Nevada. PJ&A is thus located in Nevada. This case is a "Hub and Spoke" data breach, in which all of the cases are at their infancy. PJ&A provides medical transcription services to numerous healthcare entities. Given that in all 26 pending cases PJ&A is the main defendant, it is logical that all of them will revolve around PJ&A's conduct and how it led to the data breach, making it appropriate to send all of the cases to the District of Nevada. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2873, 2023 WL 2875926, at *3 (U.S. Jud. Pan. Mult. Lit. Apr. 10, 2023) ("transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay"); *and In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.")

### 2. The District of Nevada is Centrally Located for all Related Actions.

The Related Actions are pending in Nevada and New York. Nevada is centrally located, and Nevada possesses an international airline hub with non-stop flights from each of the jurisdictions, making travel to and from the Nevada District Court easy and convenient. *See In re Power Morcellator Prod. Liab. Litig.*, 140 F. Supp. 3d 1351, 1354 (U.S. Jud. Pan. Mult. Lit. 2015) (granting consolidation to a district "centrally located and easily accessible for all parties"). Additionally, the District of Nevada possesses all necessary resources and the subject matter experience that this litigation will require. *See In re Zappos.com, Inc.*, No. 3:12-CV-00325-RCJ,

6

2013 WL 4830497, at *1 (D. Nev. Sept. 9, 2013) (security breach MDL in the District of Nevada). And the majority of the cases – 15 out of the 28 total Related Actions – are already pending in the District of Nevada. This makes sense considering PJ&A is located in Nevada. The District of Nevada is thus centrally located, making it appropriate for transfer and consolidation.

### III. Conclusion

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the District of Nevada for coordinated and consolidated pretrial proceedings.

Dated December 8, 2023

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Ste 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937
Email: gstranch@stranchlaw.com

Nathan R. Ring
Stranch, Jennings & Garvey PLLC
3100 W. Charleston Blvd.
Ste. 208
Las Vegas, NV 89102
725-235-9750
Email: NRing@stranchlaw.com

Alexandra M. Honeycutt
Milberg Coleman Bryson Phillips Grossman PLLC
800 S. Gay Street
Suite 1100
Knoxville, TN 37929
865-247-0080

Fax: 865-522-0049
Email: ahoneycutt@milberg.com

Anthony L. Parkhill
Barnow and Associates, P.C.
205 W. Randolph Street
Ste. 1630
Chicago, IL 60606
312-621-2000
Email: aparkhill@barnowlaw.com

Ben Barnow
Barnow and Associates, P.C.
205 West Randolph Street
Ste 1630
Chicago, IL 60606
312-621-2000
Fax: 312-641-5504
Email: b.barnow@barnowlaw.com

*Counsel for Plaintiff Ratiek Lowery*


Joseph M Lyon
The Lyon Firm
2754 Erie Ave
Cincinnati, OH 45208
513-381-2333

Kevin M Cox
The Lyon Firm
2754 Erie Avenue
Cincinnati, OH 45208
513-766-9052
Email: kcox@thelyonfirm.com

David Hilton Wise
Wise Law Firm, PLC
10640 Page Ave
Ste 320
Fairfax, VA 22030-7409
703-934-6377
Fax: 703-934-6379
Email: dwise@wiselaw.pro

8

*Counsel for Plaintiff Ronnie Gill*

Jeff Ostrow
Kopelowitz Ostrow P.A.
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
954-525-4100

Kenneth Jay Grunfeld
Kopelowitz Ostrow Ferguson Weiselberg Gilbert
65 Overhill Road
Bala Cynwyd, PA 19004
954-525-4100
Fax: 954-525-4300
Email: kgrunfeld@golombhonik.com

Nathan R. Ring
Stranch, Jennings & Garvey PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
725-235-9750
Email: NRing@stranchlaw.com

*Counsel for Plaintiff Neil Levitt*

Amy E. Keller
DICELLO LEVITT & CASEY LLC
TEN NORTH DEARBORN STREET
ELEVENTH FLOOR
Chicago, IL 60602
312-214-7900
Email: akeller@dicellolevitt.com

James J. Pizzirusso
Hausfeld LLP
888 16th Street, Ste 300
Washington, DC 20006
202-540-7200
Email: jpizzirusso@hausfeld.com

Justin J. Hawal

9

DICELLO LEVITT LLP
8160 Norton Parkway, Third Floor
Mentor, OH 44060

Steven M. Nathan
Hausfeld LLP
NYC
33 Whitehall Street
Ste 14th Floor
New York, NY 10004
646-357-1100
Fax: 212-202-4322
Email: snathan@hausfeld.com

Don Springmeyer
Kemp Jones LLP
3800 Howard Hughes Parkway
17th Floor
Las Vegas, NV 89169
702-385-6000
Fax: 702-385-6001
Email: d.springmeyer@kempjones.com

*Counsel for Plaintiffs Kevin K. Shanahan, Michael Newton, Rosemary Kerrane and James Shoforth*

10